## In re Appointment of Constable in Newtown Township

*Raymond E. Larson,* for petitioners.

*Fronefield Crawford,* for Louis L. Lobb.

SWENEY, J., October 5, 1950.—On August 23, 1950, after hearing, the court (Sweney, J.) appointed Louis L. Lobb as constable of Newtown Township. This is an application by Albert A. Saffren to set aside this appointment on the ground that Saffren is the duly elected constable and is serving in that capacity so that no vacancy existed when the Lobb appointment was made.

At a hearing on this application held September 8, 1950, the following testimony was adduced: Saffren was appointed constable by this court in May 1944 to fill a vacancy; Saffren qualified by taking his oath

after filing a bond; he functioned as a constable thereafter and, in addition, served as a police officer for the township; he was elected constable of the township in 1949, defeating Lobb for the position by a vote of 616 to 275; he was notified of his election by the Delaware County Election Board; he has been serving since January 1, 1950, as an elected constable, but did not file a new bond and did not take a new oath as he was not aware that such action was necessary; that no notice of the application of Lobb for the appointment was given Saffren; and that no notice that the petition of Lobb for constable was given to anyone.

We have, therefore, for decision the question as to whether the court may rescind its order of August 23, 1950, by virtue of which Lobb has filed his bond, which was approved by the court, and has taken his oath. It is our opinion that we can. Counsel for Lobb calls our attention to the unreported case of Appointment of Auditor of Newtown Township in which this court held that we had no authority to revoke an order; but, the present case does not present the same factual situation as the Auditor case. Here there was no vacancy made by resignation; in the Auditor case, the auditor had resigned and had sent his resignation to the secretary of the board of supervisors; the question for decision was could the court appoint an auditor to fill the vacancy without the written resignation before us; we held we could and, having made the appointment, we had no power to set it aside.

Here, however, clearly there was a wrong impression as to the law. Saffren did not realize he had to take a new oath and file a new bond; he continued to serve; but, had he been given notice of the intention of Lobb to file his petition for appointment, he could have rectified his error.